IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYVLANIA (Scranton)

DAVID MORGAN,

                Plaintiff,

v.

CSA, LTD. COMBAT SUPPORT
ASSOCIATES, AECOM GOVERNMENT
SERVICES, INC., RESEARCH ANALYSIS
& MAINTENANCE, INC., SMI
INTERNATIONAL CORP. and MORGAN
LEE HANKS,

                Defendants.

CASE NO.

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW, Plaintiff, David Morgan, by and through his counsel, Harvey Pennington,

Ltd., and, for his Complaint against Defendants, CSA, Ltd. (hereafter "CSA"), Combat Support

Associates, AECOM Government Services, Inc. (hereafter "AECOM"), Research Analysis &

Maintenance, Inc. (hereafter "RAM"), SMI International Corp. (hereafter "SMI") and Morgan

Lee Hanks (hereafter "Mr. Hanks"), states as follows:

### THE PARTIES

1.      Plaintiff is a Pennsylvania citizen, whose permanent residence is 321 Dana Street,

Wilkes-Barre, PA  18702.

2.      At all time pertinent hereto Plaintiff was a member of the United States Navy.

3.      AECOM is a Delaware corporation with its principal place of business in Fort

Worth, Texas.  AECOM's Registered Agent in Delaware is The Corporation Trust Company,

Corporation Trust Center, 1209 Orange Street, Wilmington, DE  19801.

4.      RAM is a Texas corporation with its principal place of business in Fort Worth,

Texas.  RAM has filed papers with the Pennsylvania Department of State listing as its registered office in Pennsylvania at 5 Lobough Street, Oakdale, PA  15071-5001.

5.      SMI is a Delaware corporation with its principal place of business in Alaska. SMI's Registered Agent in Delaware is Nationwide Information Services, Inc., 3500 South DuPont Highway, Dover, DE  19901

6.      Combat Support Associates is a joint venture organized and owned by AECOM, RAM and SMI.  Combat Support Associates has its principal place of business at 999 West Town and County Road, Orange, CA  92868.

7.      CSA is a Cayman Island, British West Indies, corporation, and is wholly owned by Combat Support Associates and has its principal place of business at 1200 Summit Avenue, Suite 320, Fort Worth, TX  76102.

8.       Mr. Hanks is an adult individual, who currently resides at 3242 William Styron Square, Newport News, Virginia 23606.

## JURISDICTION

9.      At all times pertinent hereto CSA, Combat Support Associates, AECOM, RAM and/or SMI, either individually or collectively, conducted business in the Commonwealth of Pennsylvania on a continuous and systematic basis, through solicitations of the residents of the Commonwealth of Pennsylvania for job opportunities as well as continuously and systematically contracting and doing business with various government contractors, private contractors, or individuals, whose manufacturing plants or operations are located in the Commonwealth of Pennsylvania and the area encompassed by the United States District Court for the Middle District of Pennsylvania.

10.      Such business activities undertaken by CSA, Combat Support Associates,

AECOM, RAM and/or SMI were to acquire labor, materials and services they would need in discharging their duties to provide logistical support to the United States Army at Camp Doha, Kuwait.

11.     Such contacts are sufficient to allow this Court jurisdiction over CSA, Combat Support Associates, AECOM, RAM and SMI.

12.     The Court has subject matter jurisdiction over the claims raised in this Complaint under 28 U.S.C. Sec. 1332 because Plaintiff is not a citizen of any of the states of which the Defendants are citizens, and the amount in controversy exceeds $75,000.00.

## BACKGROUND

13.     At all time pertinent hereto Combat Support Associates had a contract with the United States government to provide logistical support to the United States Army at Camp Doha, in the country of Kuwait.

14.     At all times pertinent hereto Combat Support Associates subcontracted to CSA all or part of the non-classified responsibilities from the United States Army contract concerning Camp Doha.

15.     At all times pertinent hereto Mr. Hanks was:

   a.     an employee, agent, or servant of CSA and/or Combat Support Associates;

   b.     working within the course and scope of his employment or agency with CSA and/or Combat Support Associates;

   c.     acting under the direction, supervision and control of CSA and/or Combat Support Associates;

   d.     acting for the benefit of CSA and/or Combat Support Associates; and

   e.     was acting with the consent and permission of CSA and/or Combat

Support Associates.

16.     At approximately 8:15 am, Kuwaity time, on November 19, 2009, Brian Mark

Patton was driving a 2007 Dodge Durango southbound in the southbound lane of Alternate

Supply Route (ASR) Aspen Road, Grid 38RQT3294670081, Buehring, Kuwait.

17.     Brian Mark Patton was also a member of the United State Navy.

18.     Plaintiff was a passenger in the vehicle being driven by Brian Mark Patton, and

they were traveling in the line of duty.

19.     At that time and date Mr. Hanks was driving a 2008 Mitsubishi Pajero owned or

leased by CSA and/or Combat Support Associates northbound on ASR Aspen Road, Buehring,

Kuwait.

20.     ASR Aspen Road is a two lane asphalt surface road in the area pertinent to this

matter.

21.     At the time of the accident which is the basis of this Complaint Mr. Hanks was

traveling northbound in the lane designated for southbound traffic.

22.     Mr. Hanks was traveling northbound in the southbound lane because he was

passing a northbound convoy in the northbound lane consisting of six buses and two escort

Sports Utility Vehicles.

23.     Immediately before the accident which is the subject of this Complaint the vehicle

being driven by Mr. Hanks was traveling at a speed greatly in excess of the posted speed for

ASR Aspen Road, which posted speed was 80 kilometers per hour.

24.     Mr. Hanks had just crested a hill on ASR Aspen Road when he encountered the

vehicle driven by Brian Mark Patton, which was properly traveling southbound in the same lane

in which Mr. Hanks was improperly traveling northbound.

25.     Mr. Hanks was traveling at such a high rate of speed so that it was not possible for him to stop his vehicle in the time between when he first saw the vehicle driven by Brian Mark Patton and the collision with the vehicle driven by Brian Mark Patton.

26.     Mr. Hanks was traveling at such a high rate of speed so that it was not possible for Brian Mark Patton to stop his vehicle in the time between when he first saw the vehicle driven by Mr. Hanks and the collision with the vehicle driven by Mr. Hanks.

27.     Mr. Hanks chose to leave the southbound lane by crossing onto the southbound shoulder, where he crashed into the vehicle driven by Brian Mark Patton.

28.     The choice by Mr. Hanks to drive onto the southbound shoulder greatly increased the risk that he would collide with the vehicle driven by Brian Mark Patton.

29.     Alternatively, Mr. Hanks lost control of the vehicle he was driving, left the southbound lane by crossing onto the southbound shoulder, where he crashed into the vehicle driven by Brian Mark Patton.

30.     Brian Mark Patton was killed in this accident and Plaintiff was severely and permanently injured.

31.     Plaintiff has suffered a sever head injury, including, but not limited to, loss of consciousness, impairment and loss of memory and other brain functions, and impairment and loss of the powers of speech, hearing and sight.  Plaintiff has suffered fractured bones, abrasions and lacerations.  Plaintiff has suffered the loss of the ability to control his limbs.  At this time Plaintiff is permanently bedridden.  Plaintiff has been permanently disfigured.  Plaintiff has incurred medical and therapy bills for treatment of these injuries and will continue to do so into the future.  Plaintiff has suffered wage loss due to absence from work because of these injuries and treatment and therapy and will continue suffer wage loss due to these injuries.  These

injuries have severely restricted Plaintiff's future employment choices and income earning

potential.  Plaintiff will require special housing consideration and care because of these injuries.

Plaintiff has been and will continue to be inconvenienced because of these injuries.  Plaintiff has

suffered and will continue to suffer depression, mental and physical pain, suffering and anguish

and the loss of the enjoyment of life, and has and will continue to suffered embarrassment on

account of these injuries and disfigurement.

## COUNT ONE - NEGLIGENCE
## DEFENDANT MORGAN LEE HANKS

32.     Plaintiff incorporates by reference the foregoing paragraphs as if stated in full

herein.

33.     At all times pertinent hereto Mr. Hanks had the duty to drive the vehicle he was

driving in a competent and reasonable manner and to maintain control of the vehicle.

34.     Mr. Hanks breached this duty by, among other things:

      a.     traveling at a speed in excess of the posted speed limit;

      b.     traveling at a speed in excess of a reasonable speed considering the

conditions of the roadway on which he was traveling and the traffic

condition on the roadway;

      c.     traveling at a speed in excess of that which would allow Mr. Hanks to stop

the vehicle within the sight distance available to Mr. Hanks;

      d.     traveling in the wrong lane;

      e.     passing other vehicles in a convoy, which is contrary to both convoy

policy and the applicable rules of the road;

f.   traveling in the wrong lane in an area were neither Mr. Hanks nor on-coming traffic could see each other with chance to stop before colliding, considering the speed at which Mr. Hanks was traveling;

g.   traveling in the wrong lane in an area where neither Mr. Hanks nor on-coming traffic could see each other with chance to stop before colliding, even if Mr. Hanks were traveling at an appropriate speed;

h.   failing to sound his horn at any time after first seeing the vehicle driven by Brian Mark Patton;

i.   failing to maneuver his vehicle so as to avoid a collision;

j.   choosing to drive his vehicle onto the southbound shoulder of the road, where he crashed into the vehicle driven by Brian Mark Patton;

k.   choosing to cross in front of the vehicle driven by Brian Mark Patton, forcing the vehicle driven by Brian Mark Patton onto the southbound shoulder where the two vehicles collided;

l.   loosing control of this vehicle and crashing into the vehicle driven by Brian Mark Patton;

m.   failing to take reasonable evasive action after first seeing the vehicle driven by Brian Mark Patton, including, but not limited to:

   i.   failing to properly applying breaks;

   ii.   failing to returning to the northbound lane; and

   iii.   staying in the southbound lane too long;

n.   otherwise operating a vehicle contrary to the applicable rules of the road;

o.      otherwise operating a vehicle in violation of applicable law, regulation or

ordinance;

p.      otherwise operating a vehicle contrary to common practice and

procedures;

q.      otherwise operating a vehicle in an unreasonable manner; and

r.      otherwise operating a vehicle in such a manner that it was likely that the

vehicle he was driving would collide with a vehicle being driven in the

opposite direction.

35.     At all times pertinent hereto Mr. Hanks owed Plaintiff a duty not to endanger

Plaintiff by his acts and inactions.  Mr. Hanks breached this duty, as described above, and

Plaintiff was injured thereby.

36.     Mr. Hanks' actions or failures to act were negligent, and Plaintiff was injured

thereby.

37.     Mr. Hanks' actions or failures to act were willful or wanton, and Plaintiff was

injured thereby.

38.     Mr. Hanks' actions or failures to act were with reckless disregard for the

consequences or were with want of care and regard for the consequences of such acts or failures

to act, and Plaintiff was injured thereby.

39.     Mr. Hanks' acts or failures to act were with such reckless disregard for the

consequences or had such want of care and regard for the consequences of such acts or failures

to act so as to justify the presumption of willfulness or wantonness, and Plaintiff was injured

thereby.

40.     Mr. Hanks' acts or failures to act were grossly negligent, and Plaintiff was injured thereby.

WHEREFORE, Plaintiff requests judgment in his favor against Defendant, Morgan Lee Hanks, in an amount not less than $75,000.00, as compensatory, general, special and punitive damages, together with interest and costs, and for such further relief as this Court deems appropriate.

### COUNT TWO – GROSS NEGLIGENCE AND/OR PUNITIVE DAMAGES
### DEFENDANT MORGAN LEE HANKS

41.     Plaintiff incorporates by reference the foregoing paragraphs as if stated in full herein.

42.     At all times pertinent hereto Mr. Hanks had the duty to drive the vehicle he was driving in a competent and reasonable manner and to maintain control of the vehicle.

43.     Mr. Hanks breached this duty by, among other things:

   a.     traveling at a speed in excess of the posted speed limit;

   b.     traveling at a speed in excess of a reasonable speed considering the conditions of the roadway on which he was traveling and the traffic condition on the roadway;

   c.     traveling at a speed in excess of that which would allow Mr. Hanks to stop the vehicle within the sight distance available to Mr. Hanks;

   d.     traveling in the wrong lane;

   e.     passing other vehicles in a convoy, which is contrary to both convoy policy and the applicable rules of the road;

f. traveling in the wrong lane in an area were neither Mr. Hanks nor on-coming traffic could see each other with chance to stop before colliding, considering the speed at which Mr. Hanks was traveling;

g. traveling in the wrong lane in an area where neither Mr. Hanks nor on-coming traffic could see each other with chance to stop before colliding, even if Mr. Hanks were traveling at an appropriate speed;

h. failing to sound his horn at any time after first seeing the vehicle driven by Brian Mark Patton;

i. failing to maneuver his vehicle so as to avoid a collision;

j. choosing to drive his vehicle onto the southbound shoulder of the road, where he crashed into the vehicle driven by Brian Mark Patton;

k. choosing to cross in front of the vehicle driven by Brian Mark Patton, forcing the vehicle driven by Brian Mark Patton onto the southbound shoulder where the two vehicles collided;

l. loosing control of this vehicle and crashing into the vehicle driven by Brian Mark Patton;

m. failing to take reasonable evasive action after first seeing the vehicle driven by Brian Mark Patton, including, but not limited to:

 i. failing to properly applying breaks;

 ii. failing to returning to the northbound lane; and

 iii. staying in the southbound lane too long;

n. otherwise operating a vehicle contrary to the applicable rules of the road;

o.   otherwise operating a vehicle in violation of applicable law, regulation or
ordinance;

p.   otherwise operating a vehicle contrary to common practice and
procedures;

q.   otherwise operating a vehicle in an unreasonable manner; and

r.   otherwise operating a vehicle in such a manner that it was likely that the
vehicle he was driving would collide with a vehicle being driven in the
opposite direction.

44.   At all times pertinent hereto Mr. Hanks owed Plaintiff a duty not to endanger
Plaintiff by his acts and inactions.  Mr. Hanks breached this duty, as described above and
Plaintiff was injured thereby.

45.   Mr. Hanks' acts or failures to act were negligent, and Plaintiff was injured
thereby.

46.   Mr. Hanks' acts or failures to act were willful or wanton, and Plaintiff was injured
thereby.

47.   Mr. Hanks' acts or failures to act were with reckless disregard for the
consequences or were with want of care and regard for the consequences of such acts or failures
to act, and Plaintiff was injured thereby.

48.   Mr. Hanks' acts or failures to act were with such reckless disregard for the
consequences or had such want of care and regard for the consequences of such acts or failures
to act so as to justify the presumption of willfulness or wantonness, and Plaintiff was injured
thereby.

49.     Mr. Hanks' acts or failures to act were grossly negligent, and Plaintiff was injured thereby.

WHEREFORE, Plaintiff requests judgment in his favor against Defendant, Morgan Lee Hanks, in an amount not less than $75,000.00, as compensatory, general, special and punitive damages, together with interest and costs, and for such further relief as this Court deems appropriate.

### COUNT THREE – NEGLIGENCE
### (RESPONDEAT SUPERIOR and/or PRINCIPAL/AGENT LIABILTY)
### DEFENDANTS CSA, COMBAT SUPPORT ASSOCIATES, AECOM, RAM and SMI

50.     Plaintiff incorporates by reference the foregoing paragraphs as if stated in full herein.

51.     At all times pertinent hereto Mr. Hanks was:

    a.     an employee, agent, or servant of CSA and/or Combat Support Associates;

    b.     working within the course and scope of his employment or agency with CSA and/or Combat Support Associates;

    c.     acting under the direction, supervision and control of CSA and/or Combat Support Associates;

    d.     acting for the benefit of CSA and/or Combat Support Associates; and

    e.     acting with the consent and permission of CSA and/or Combat Support Associates.

52.     Because Mr. Hanks was working in his capacity as an employee and/or agent of CSA and/or Combat Support Associates and within the course and scope of such employment and/or agency when the accident in which Plaintiff was injured occurred, and because Mr. Hanks was operating a vehicle owned or leased by CSA and/or Combat Support Associates which was

involved in that accident, and because Mr. Hanks' acts or failures to act were a or the proximate

cause of Plaintiff's injuries, CSA and/or Combat Support Associates are/is liable to Plaintiff

under the theories of <u>respondeat superior</u> and/or principal/agent liability for Mr. Hanks'

negligence and/or gross negligence.

53.     Further, at all times pertinent hereto Combat Support Associates exercised such

dominion and control over CSA so that CSA can be considered Combat Support Associates'

alter ego and that they were such a common entity that the duties and responsibilities that CSA

may owe to Plaintiff are also owed by Combat Support Associates to Plaintiff.

54.     Combat Support Associates' dominion and control of CSA is shown by, among

other things:

      a.     Combat Support Associates is the sole shareholder of CSA;

      b.     the fact that CSA was created exclusively for the purpose of performing

some of Combat Support Associates' obligation under Combat Support

Associates' contract with the Army with regard to Camp Doha;

      c.     Combat Support Associates retained the authority to instruct and direct

CSA on how to perform its obligations to Combat Support Associates;

      d.     Combat Support Associates' and CSA's operations are interrelated to such

an extent so as to make any distinction between them insignificant;

      e.     Combat Support Associates and CSA share common management;

      f.     Combat Support Associates and CSA have a centralized control of labor

relations and employment; and

      g.     Combat Support Associates and CSA utilize common financial controls.

55.     Accordingly, Combat Support Associates is jointly and severally liable to Plaintiff

for any claims Plaintiff may have with regard to CSA.

56.     Additionally, AECOM, RAM and SMI, as joint venturers, are jointly and severally liable to Plaintiff for any claims Plaintiff may have with regard to Combat Support Associates and/or CSA.

WHEREFORE, Plaintiff requests judgment in his favor against Defendants, CSA, Ltd, Combat Support Associates, AECOM Government Services, Inc., Research Analysis & Maintenance, Inc., and SMI International Corp., jointly and severally, in an amount not less than $75,000.00, as compensatory, general, special and punitive damages, together with interest and costs, and for such further relief as this Court deems appropriate.

### COUNT FOUR – GROSS NEGLIGENCE AND/OR PUNITIVE DAMAGES (RESPONDEAT SUPERIOR and/or PRINCIPAL/AGENT LIABILTY) DEFENDANTS CSA, COMBAT SUPPORT ASSOCIATES, AECOM, RAM and SMI

57.     Plaintiff incorporates by reference the foregoing paragraphs as if stated in full herein.

58.     At all times pertinent hereto Mr. Hanks was:

    a.     an employee, agent, or servant of CSA and/or Combat Support Associates;

    b.     working within the course and scope of his employment or agency with CSA and/or Combat Support Associates;

    c.     acting under the direction, supervision and control of CSA and/or Combat Support Associates;

    d.     acting for the benefit of CSA and/or Combat Support Associates; and

    e.     acting with the consent and permission of CSA and/or Combat Support Associates.

59.     Because Mr. Hanks was working in his capacity as an employee and/or agent of

CSA and/or Combat Support Associates and within the course and scope of such employment and/or agency when the accident in which Plaintiff was injured occurred, and because Mr. Hanks was operating a vehicle owned or leased by CSA and/or Combat Support Associates which was involved in that accident, and because Mr. Hanks' acts or failures to act were a or the proximate cause of Plaintiff's injuries, CSA and/or Combat Support Associates are/is liable to Plaintiff under the theories of respondeat superior and/or principal/agent liability for Mr. Hanks' negligence and/or gross negligence.

60.     Further, at all times pertinent hereto Combat Support Associates exercised such dominion and control over CSA so that CSA can be considered Combat Support Associates' alter ego and that they were such a common entity that the duties and responsibilities that CSA may owe to Plaintiff are also owed by Combat Support Associates to Plaintiff.

61.     Combat Support Associates' dominion and control of CSA is shown by, among other things:

a.     Combat Support Associates is the sole shareholder of CSA;

b.     the fact that CSA was created exclusively for the purpose of performing some of Combat Support Associates' obligation under Combat Support Associates' contract with the Army with regard to Camp Doha;

c.     Combat Support Associates retained the authority to instruct and direct CSA on how to perform its obligations to Combat Support Associates;

d.     Combat Support Associates' and CSA's operations are interrelated to such an extent so as to make any distinction between them insignificant;

e.     Combat Support Associates and CSA share common management;

f.     Combat Support Associates and CSA have a centralized control of labor

relations and employment; and

    g.    Combat Support Associates and CSA utilize common financial controls.

62.    Accordingly, Combat Support Associates is jointly and severally liable to Plaintiff for any claims Plaintiff may have with regard to CSA.

63.    Additionally, AECOM, RAM and SMI, as joint venturers, are jointly and severally liable to Plaintiff for any claims Plaintiff may have with regard to Combat Support Associates and/or CSA.

WHEREFORE, Plaintiff requests judgment in his favor against Defendants, CSA, Ltd, Combat Support Associates, AECOM Government Services, Inc., Research Analysis & Maintenance, Inc., and SMI International Corp., jointly and severally, in an amount not less than $75,000.00, as compensatory, general, special and punitive damages, together with interest and costs, and for such further relief as this Court deems appropriate.

**COUNT FIVE – NEGLIGENCE**
**DEFENDANTS CSA, COMBAT SUPPORT ASSOCIATES, AECOM, RAM and SMI**

64.    Plaintiff incorporates by reference the foregoing paragraphs as if stated in full herein.

65.    At all times pertinent hereto Mr. Hanks was:

    a.    an employee, agent, or servant of CSA and/or Combat Support Associates;

    b.    working within the course and scope of his employment or agency with CSA and/or Combat Support Associates;

    c.    acting under the direction, supervision and control of CSA and/or Combat Support Associates;

    d.    acting for the benefit of CSA and/or Combat Support Associates; and

    e.    acting with the consent and permission of CSA and/or Combat Support

Associates.

66.     At all times pertinent hereto Combat Support Associates exercised such dominion and control over CSA so that CSA can be considered Combat Support Associates' alter ego and that they were such a common entity that the duties and responsibilities that CSA may owe to Plaintiff are also owed by Combat Support Associates to Plaintiff.

67.     Combat Support Associates' dominion and control of CSA is shown by, among other things:

      a.     Combat Support Associates is the sole shareholder of CSA;

      b.     the fact that CSA was created exclusively for the purpose of performing some of Combat Support Associates' obligation under Combat Support Associates' contract with the Army with regard to Camp Doha;

      c.     Combat Support Associates retained the authority to instruct and direct CSA on how to perform its obligations to Combat Support Associates;

      d.     Combat Support Associates' and CSA's operations are interrelated to such an extent so as to make any distinction between them insignificant;

      e.     Combat Support Associates and CSA share common management;

      f.     Combat Support Associates and CSA have a centralized control of labor relations and employment; and

      g.     Combat Support Associates and CSA utilize common financial controls.

68.     Accordingly, Combat Support Associates is jointly and severally liable to Plaintiff for any claims Plaintiff may have with regard to CSA.

69.     Additionally, AECOM, RAM and SMI, as joint venturers, are jointly and severally liable to Plaintiff for any claims Plaintiff may have with regard to CSA and/or Combat

Support Associates.

70.    The aforesaid accident was due solely to the negligent conduct, careless conduct and gross, willful, wanton and reckless conduct of CSA and/or Combat Support Associates by and through its/their employees, agents, or servants, including, but not limited to, Mr. Hanks, and in no way due to any negligent act or failure to act on the part of the Plaintiff.

71.    The negligent conduct, careless conduct and gross, willful, wanton and reckless conduct of CSA and/or Combat Support Associates also consisted of the following:

   a.    negligently entrusting Mr. Hanks with the vehicle involved in this accident of which CSA and/or Combat Support Associates was the owner and/or lessor when it/they knew or should have known that Mr. Hanks lacked sufficient skill, judgment and prudence in the operation such vehicle;

   b.    failing to adequately instruct Mr. Hanks in the safe operation of the vehicle involved in this accident prior to entrusting him with the vehicle of which CSA and/or Combat Support Associates was the owner and/or lessor;

   c.    failing to prevent Mr. Hanks from operating the vehicle involved in this accident of which CSA and/or Combat Support Associates was the owner and/or lessor until he had sufficient ability to operate the vehicle safely;

   d.    failing to adequately ascertain that Mr. Hanks lacked the ability necessary to safely operate the vehicle involved in this accident of which CSA and/or Combat Support Associates was the owner and/or lessor under the circumstances;

   e.    operating the vehicle involved in this accident of which CSA and/or

Combat Support Associates was the owner and/or lessor in violation of applicable law, regulation or ordinance;

f.   operating the vehicle involved in this accident of which CSA and/or Combat Support Associates was the owner and/or lessor in violation of common practice and procedures;

g.   operating the vehicle involved in this accident of which CSA and/or Combat Support Associates was the owner and/or lessor in an unreasonable manner;

h.   failure to provide Mr. Hanks with proper training necessary to drive the vehicle involved in this accident of which CSA and/or Combat Support Associates was the owner and/or lessor;

i.   failure to conduct a sufficient background check of the driving record of Mr. Hanks;

j.   failure to properly supervise Mr. Hanks in the operation of the vehicle involved in this accident of which CSA and/or Combat Support Associates was the owner and/or lessor to ensure compliance with applicable law, regulation or ordinance;

k.   failure to properly supervise Mr. Hanks in the operation of the vehicle involved in this accident of which CSA and/or Combat Support Associates was the owner and/or lessor to ensure compliance with common practice and procedures;

l.   failure to properly supervise Mr. Hanks in the operation of the vehicle involved in this accident of which CSA and/or Combat Support Associates

was the owner and/or lessor to ensure that the vehicle was operated in a reasonable manner;

m.    failure to inspect, maintain and repair the vehicle involved in this accident of which CSA and/or Combat Support Associates was the owner and/or lessor in accord with the applicable with applicable law, regulation or ordinance;

n.    failure to inspect, maintain and repair the vehicle involved in this accident of which CSA and/or Combat Support Associates was the owner and/or lessor in accord with the applicable with common practice and procedures; and

o.    failure to inspect, maintain and repair the vehicle involved in this accident of which CSA and/or Combat Support Associates was the owner and/or lessor in a reasonable manner.

72.    At all times pertinent hereto CSA and/or Combat Support Associates owed Plaintiff a duty not to endanger Plaintiff by its/their acts and inactions.  CSA and/or Combat Support Associates breached this duty, as described above, and Plaintiff was injured thereby.

73.    CSA's and/or Combat Support Associates' acts or failures to act were negligent, and Plaintiff was injured thereby.

74.    CSA's and/or Combat Support Associates' acts or failures to act were willful or wanton, and Plaintiff was injured thereby.

75.    CSA's and/or Combat Support Associates' acts or failures to act were with reckless disregard for the consequences or were with want of care and regard for the consequences of such acts or failures to act, and Plaintiff was injured thereby.

76.     CSA's and/or Combat Support Associates' acts or failures to act were with such reckless disregard for the consequences or had such want of care and regard for the consequences of such acts or failures to act so as to justify the presumption of willfulness or wantonness, and Plaintiff was injured thereby.

77.     CSA and/or Combat Support Associates acted or failed to act in a manner that was grossly negligent, and Plaintiff was injured thereby.

WHEREFORE, Plaintiff requests judgment in his favor against Defendants, CSA, Ltd, Combat Support Associates, AECOM Government Services, Inc., Research Analysis & Maintenance, Inc., and SMI International Corp., jointly and severally, in an amount not less than $75,000.00, as compensatory, general, special and punitive damages, together with interest and costs, and for such further relief as this Court deems appropriate.

### COUNT SIX - GROSS NEGLIGENCE AND/OR PUNITIVE DAMAGES
### DEFENDANTS CSA, COMBAT SUPPORT ASSOCIATES, AECOM, RAM and SMI

78.     Plaintiff incorporates by reference the foregoing paragraphs as if stated in full herein.

79.     At all times pertinent hereto Mr. Hanks was:

    a.      an employee, agent, or servant of CSA and/or Combat Support Associates;

    b.      working within the course and scope of his employment or agency with CSA and/or Combat Support Associates;

    c.      acting under the direction, supervision and control of CSA and/or Combat Support Associates;

    d.      acting for the benefit of CSA and/or Combat Support Associates; and

    e.      acting with the consent and permission of CSA and/or Combat Support Associates.

80.     At all times pertinent hereto Combat Support Associates exercised such dominion and control over CSA so that CSA can be considered Combat Support Associates' alter ego and that they were such a common entity that the duties and responsibilities that CSA may owe to Plaintiff are also owed by Combat Support Associates to Plaintiff.

81.     Combat Support Associates' dominion and control of CSA is shown by, among other things:

a.      Combat Support Associates is the sole shareholder of CSA;

b.      the fact that CSA was created exclusively for the purpose of performing some of Combat Support Associates' obligation under Combat Support Associates' contract with the Army with regard to Camp Doha;

c.      Combat Support Associates retained the authority to instruct and direct CSA on how to perform its obligations to Combat Support Associates;

d.      Combat Support Associates' and CSA's operations are interrelated to such an extent so as to make any distinction between them insignificant;

e.      Combat Support Associates and CSA share common management;

f.      Combat Support Associates and CSA have a centralized control of labor relations and employment; and

g.      Combat Support Associates and CSA utilize common financial controls.

82.     Accordingly, Combat Support Associates is jointly and severally liable to Plaintiff for any claims Plaintiff may have with regard to CSA.

83.     Additionally, AECOM, RAM and SMI, as joint venturers, are jointly and severally liable to Plaintiff for any claims Plaintiff may have with regard to CSA and/or Combat Support Associates.

84.     The aforesaid accident was due solely to the negligent conduct, careless conduct and gross, willful, wanton and reckless conduct of CSA and/or Combat Support Associates by and through its/their employees, agents, or servants, including, but not limited to, Mr. Hanks, and in no way due to any negligent act or failure to act on the part of the Plaintiff.

85.     The negligent conduct, careless conduct and gross, willful, wanton and reckless conduct of  CSA and/or Combat Support Associates , also consisted of the following:

a.      negligently entrusting Mr. Hanks with the vehicle involved in this accident of which CSA and/or Combat Support Associates was the owner and/or lessor when it/they knew or should have known that Mr. Hanks lacked sufficient skill, judgment and prudence in the operation such vehicle;

b.      failing to adequately instruct Mr. Hanks in the safe operation of the vehicle involved in this accident prior to entrusting him with the vehicle of which CSA and/or Combat Support Associates was the owner and/or lessor;

c.      failing to prevent Mr. Hanks from operating the vehicle involved in this accident of which CSA and/or Combat Support Associates was the owner and/or lessor until he had sufficient ability to operate the vehicle safely;

d.      failing to adequately ascertain that Mr. Hanks lacked the ability necessary to safely operate the vehicle involved in this accident of which CSA and/or Combat Support Associates was the owner and/or lessor under the circumstances;

e.      operating the vehicle involved in this accident of which CSA and/or Combat Support Associates was the owner and/or lessor in violation of

applicable law, regulation or ordinance;

f.    operating the vehicle involved in this accident of which CSA and/or Combat Support Associates was the owner and/or lessor in violation of common practice and procedures;

g.    operating the vehicle involved in this accident of which CSA and/or Combat Support Associates was the owner and/or lessor in an unreasonable manner;

h.    failure to provide Mr. Hanks with proper training necessary to drive the vehicle involved in this accident of which CSA and/or Combat Support Associates was the owner and/or lessor;

i.    failure to conduct a sufficient background check of the driving record of Mr. Hanks;

j.    failure to properly supervise Mr. Hanks in the operation of the vehicle involved in this accident of which CSA and/or Combat Support Associates was the owner and/or lessor to ensure compliance with applicable law, regulation or ordinance;

k.    failure to properly supervise Mr. Hanks in the operation of the vehicle involved in this accident of which CSA and/or Combat Support Associates was the owner and/or lessor to ensure compliance with common practice and procedures;

l.    failure to properly supervise Mr. Hanks in the operation of the vehicle involved in this accident of which CSA and/or Combat Support Associates was the owner and/or lessor to ensure that the vehicle was operated in a

reasonable manner;

m.  failure to inspect, maintain and repair the vehicle involved in this accident of which CSA and/or Combat Support Associates was the owner and/or lessor in accord with the applicable with applicable law, regulation or ordinance;

n.  failure to inspect, maintain and repair the vehicle involved in this accident of which CSA and/or Combat Support Associates was the owner and/or lessor in accord with the applicable with common practice and procedures; and

o.  failure to inspect, maintain and repair the vehicle involved in this accident of which CSA and/or Combat Support Associates was the owner and/or lessor in a reasonable manner.

86.  At all times pertinent hereto CSA and/or Combat Support Associates owed Plaintiff a duty not to endanger Plaintiff by its/their acts and inactions.  CSA and/or Combat Support Associates breached this duty, as described above, and Plaintiff was injured thereby.

87.  CSA's and/or Combat Support Associates' acts or failures to act were negligent, and Plaintiff was injured thereby.

88.  CSA's and/or Combat Support Associates' acts or failures to act were willful or wanton, and Plaintiff was injured thereby.

89.  CSA's and/or Combat Support Associates' acts or failures to act were with reckless disregard for the consequences or were with want of care and regard for the consequences of such acts or failures to act, and Plaintiff was injured thereby.

90.     CSA's and/or Combat Support Associates' acts or failures to act were with such reckless disregard for the consequences or had such want of care and regard for the consequences of such acts or failures to act so as to justify the presumption of willfulness or wantonness, and Plaintiff was injured thereby.  CSA and/or Combat Support Associates acted or failed to act in manner which was negligent, and Plaintiff was injured thereby.

91.     CSA and/or Combat Support Associates acted or failed to act in a manner that was grossly negligent, and Plaintiff was injured thereby.

WHEREFORE, Plaintiff requests judgment in his favor against Defendants, CSA, Ltd, Combat Support Associates, AECOM Government Services, Inc., Research Analysis & Maintenance, Inc., and SMI International Corp., jointly and severally, in an amount not less than $75,000.00, as compensatory, general, special and punitive damages, together with interest and costs, and for such further relief as this Court deems appropriate.

Respectfully submitted,

Harvey Pennington, Ltd.

David L. Pennington, Esquire
Pennsylvania ID No. 03633
John P. Hartley
Pennsylvania ID No. 47106
1800 John F. Kennedy Boulevard, Suite 1300
Philadelphia, PA  19103
*Counsel for Plaintiffs*